## Boyle Ice Company, Appellee, v. California Ice Company, Appellant.

### Gen. No. 15,257.

CONTRACTS—*when purchase price of merchandise cannot be recovered.* The purchase price of merchandise not delivered cannot be recovered for, where the contract provides that if such merchandise be not delivered at a specified time it shall become the property of the vendor, and where such vendor did not at the time when delivery was provided to be made have on hand sufficient merchandise to comply with the contract.

Appeal from the Municipal Court of Chicago; the Hon. ADELOR J. PETIT, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Reversed and remanded. Opinion filed March 21, 1911. Rehearing denied April 18, 1911. *Certiorari* denied by Supreme Court (making opinion final).

**Statement by the Court.** Boyle Ice Company brought a suit in the Municipal Court of Chicago against the California Ice Company upon a contract between the parties, by which the defendant agreed to purchase and the plaintiff agreed to sell and deliver at its ice house, a quantity of ice at a specified price

per ton. A jury trial was had, at the close of which the defendant requested the court to instruct for it, and a like motion was made on behalf of the plaintiff. Both motions were denied, after which the court instructed the jury, which (by agreement) consisted of eleven men, and sent them out. The jury returned into court three separate papers; the first, signed by seven jurors, read "We the jury find the issues for the defendant." The second one, signed by the other four, found the issues for the plaintiff and assessed the damages at $3,801.98. The third, which was signed by eleven, read "We the jury agree to disagree." Thereupon, the plaintiff renewed its motion for the court to exclude the evidence of the defendant and to instruct the jury to find for the plaintiff in the sum of $3,801.98, which motion was granted and a verdict was rendered by the jury in accordance therewith, upon which the court entered judgment. To review this judgment the defendant was allowed an appeal to this court.

On the 11th of February, 1907, the parties entered into a written contract, providing in its first paragraph that the California Company "agrees to purchase" and the Boyle Company "agrees to sell" from its ice houses located at Silver Lake, Wisconsin, 12,000 (afterwards reduced to 10,000) tons of ice, f. o. b. cars at its Silver Lake houses, at the price of 90 cents per ton. The contract further provided that the ice should be loaded during the season of 1907, which the parties agreed should begin April 1st and end December 1st, of that year, and deliveries should be made on the written orders of the California Company, which should be given at least two days before the loading of the cars should be required at the ice house, and if in carload lots, then not exceeding six days notice.

The contract further provided that:

"Payment for all of said ice should be made as follows; viz: $1,350.00 is paid on the making and sign-

ing hereof, and shall be applied on the last moneys becoming and falling due hereunder and payments hereafter shall be made at the office of second party at Chicago, on Monday of each week for all ice loaded under this contract up to and including the preceding Saturday; and on the 1st day of December, 1907, there shall be payable and paid to second party the balance for all ice contracted for under this contract. And it is understood that if any of said twelve thousand (12,000) tons be not loaded on or prior to December 1, 1907, the portion thereof remaining shall be the property of second party, the intent being that first party shall call for said ice in such quantities not exceeding six cars per day during the season, that said twelve thousand (12,000) tons shall be delivered on or before the 1st of December, 1907, to the end that second party's houses shall be available for next season's ice crop at the earliest moment ice harvesting might begin, which is hereby fixed as of December 2, 1907.''

A bill of particulars was filed on behalf of plaintiff, showing the claim to be ''for the price of 5,724.38 tons at ninety cents per ton, less a credit of $1,350.00, leaving a balance of $3,801.98.'' The defendant pleaded the general issue and gave notice of a set-off, alleging that the plaintiff had $1,350, for which it had given no consideration, and owed that amount to the defendant. There were numerous counts in the declaration alleging plaintiff's readiness and willingness to perform the terms of its contract, and failure on the part of the defendant. The claim of plaintiff is substantially that the defendant ordered and took but 4,275.62 tons of the 10,000 tons contracted for, leaving in the possession of plaintiff on the 1st day of December, 1907, 5,724.38 tons, for the price of which, at ninety cents per ton (less the $1,350 paid when the contract was executed), the suit was brought.

Appellant contends, first, that plaintiff could not recover the price of the ice which remained undelivered on the 1st of December, and which by the terms of the contract, therefore, belonged to it, but that it must

sue in damages for the violation of the contract, and in such suit the burden was on the plaintiff to establish its damages; second, that the court erred in refusing to admit evidence offered in behalf of the defendant, and third, that the court erroneously instructed the jury to find for the plaintiff.

LACKNER, BUTZ & MILLER, for appellant.

McARDLE & McARDLE, for appellee.

MR. JUSTICE BALDWIN delivered the opinion of the court.

It must be conceded that the contract sued upon is awkwardly drawn, and is obscure. After mature consideration we have reached the conclusion that plaintiff's proper remedy was by the suit for the damages which it has sustained by reason of the non-compliance of the defendant with the terms of the contract. Plaintiff undertook to sell, and defendant to buy 10,000 tons of ice, all of it to be delivered and accepted on or before December 1, 1907. The defendant failed to take the ice, and for its failure to keep its contract it is liable to the plaintiff.

By the terms of the contract, so much of the ice as was not thus taken on or before the 1st of December remained and was the property of the plaintiff, which it was at liberty to resell or not as it pleased, and we think the plaintiff could not recover the full contract price of the ice which it owned prior to and continued to own after the expiration of the time fixed in the contract. The contract did not constitute a sale of any particular ice. It required one party to sell and deliver, and the other to purchase and accept by a given date a certain quantity of ice, and as the defendant failed to keep this contract it is unquestionably liable to the plaintiff for such damages as resulted therefrom.

Under the contract, defendant was entitled to mer-

chantable ice, and, therefore, it was entitled to show, if it could, that the ice delivered to it, and that on hand by the plaintiff at the expiration of the contract was not of that character, thus to establish, if it could, a basis of an off-set, and, also, a reason for not taking the remainder. Plaintiff could only recover damages for the failure of defendant to take as much of the quantity contracted for as it had there, and which was of a merchantable character on December 1st, and the court erred in refusing to allow the defendant, if it could, to show that the plaintiff had on hand on December 1st less ice, of merchantable quality, than it was suing for.

Defendant offered testimony tending to establish a partial or complete defense, and we think the court erred in excluding it, and instructing for the plaintiff.

Accordingly the judgment must be reversed and the cause remanded for another trial.

*Reversed and remanded.*